UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
W.B. DAVID & CO., INC.,

        Plaintiff,

  -against-                                      04 Civ. 5203 (KMW)
                                                            ORDER
DE BEERS CENTENARY AG, et al.,

        Defendants.

----------------------------------------X

WOOD, U.S.D.J.:

## I. Background

Plaintiff brings this antitrust action against Defendants to recover damages under, <u>inter alia</u>, federal and state antitrust laws, the Racketeer Influenced and Corrupt Organizations Act, and state common law provisions. Three Defendants – Supergems Holdings Ltd., K.P. Sanghvi & Sons, and Pluczenik Diamond Company Co. NV (the "Answering Defendants") – have filed answers. Seven Defendants – J. Walter Thompson USA Inc., J. Walter Thompson Co., Dynamic Diamond Corp., Vijaydimon BVBA, Supergems Holdings Ltd., Rosy Blue Inc., and De Beers LV Ltd. (the "MTD Defendants") – have filed motions to dismiss, pursuant to Federal Rule of Civil Procedure 12(b).

Plaintiff now seeks leave to amend its Complaint. <u>See</u> Letter from Pl.'s counsel Clifford Bond to Judge Wood, dated April 25, 2005, at 1; Pl.'s Mem. of Law in Opp'n to De Beers LV Ltd.'s Mot. to Dismiss, at 2. For the reasons set forth below,

the Court grants Plaintiff leave to amend its Complaint, dismisses all seven pending dispositive motions as moot, and grants Defendants leave to amend and re-file their motions after Plaintiff has filed its Amended Complaint.

**II.  Discussion**

Federal Rule of Civil Procedure 15 permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  If a responsive pleading has been filed, a party can amend its Complaint "only by leave of court or by written consent of the adverse party."  Id.  Rule 15 directs that "leave shall be freely given when justice requires."  Id.

The Supreme Court has held that courts should heed Rule 15's mandate as follows:

If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules. Foman v. Davis, 371 U.S. 178, 182 (U.S. 1962).

See also Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); State Teachers Retirement Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) ("Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party.").

In determining what constitutes prejudice, courts should consider, inter alia, whether the amended pleading would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial [or] significantly delay the resolution of the dispute." Id. "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Teachers Retirement Bd., 654 F.2d at 856.

**A.    MTD Defendants**

A motion to dismiss is not a responsive pleading within the meaning of Rule 15. See Fed. R. Civ. P. 7(a) (defining pleadings to include a complaint, an answer, a reply to a counter-claim, an answer to a cross-claim, a third-party complaint, and a third party answer); Christophides v. Porco, 289 F. Supp. 403, 408

3

(S.D.N.Y. 1968) ("A motion to dismiss a complaint under Rule 12 is not a responsive pleading within the Rule permitting amendment as of right"); Barbara v. New York Stock Exch., 99 F. 3d 49, 56 (2d Cir. 1996) (noting that a motion to dismiss is not a responsive pleading).

Thus, Plaintiff may, as a matter of right, amend its Complaint as to the MTD Defendants and all other Defendants who have not yet answered. See Federal Home Loan Mortg. Corp. v. Ahuja Realty Corp., 90 Civ. 3658 (MBM), 1991 U.S. Dist. LEXIS 10607, at *8 (S.D.N.Y. Aug. 1, 1991) ("a plaintiff may amend its complaint as of right in order to assert a claim against a non-answering defendant, even if other defendants have answered").

Given that the proposed Amended Complaint adds and edits allegations against the MTD Defendants, see e.g., Proposed Am. Compl., ¶ 357, 404, 408-17, 641-42, the Court dismisses all seven pending motions to dismiss as moot, and grants the MTD Defendants leave to amend and re-file their motions after Plaintiff has filed its Amended Complaint.

**B.  Answering Defendants**

Although granting Plaintiff leave to amend its Complaint against the Answering Defendants will result in some delay, it will not unduly prejudice these Defendants.  The Court has not

4

yet held a Rule 16(b) conference in this case, no scheduling order has been entered, and the parties have not yet commenced discovery. In fact, a majority of the Defendants have not yet responded to the Complaint. The Court also notes that Defendants have not alleged that Plaintiff's attempt to amend the Complaint is in bad faith, futile, or possessed of a dilatory motive. Moreover, this is the first time that Plaintiff has sought to amend its pleading.

Thus, justice requires that the Court grant Plaintiff leave to amend its Complaint against the Answering Defendants.[1]

## III. Conclusion

For the reasons set forth above, the Court grants Plaintiff leave to file an Amended Complaint by September 16, 2005. The

---

[1] The proposed Amended Complaint adds two new parties – De Beers LV US and Moet-Hennessy-Louis Vuitton. Federal Rule of Civil Procedure 21, which governs the joinder of parties to an action, states that parties may be added "at any stage of the action and on such terms as are just." Fed. R. Civ. Pro. 21. "In deciding whether to allow joinder, the Court is guided by the same standard of liberality afforded to motions to amend pleadings under Rule 15." Momentum Luggage & Leisure Bags v. Jansport, Inc., 2001 U.S. Dist. LEXIS 415, No. 00 Civ. 7909, at *1-2 (S.D.N.Y. Jan. 23, 2001). As this action is in its infancy, newly added parties will suffer no undue prejudice by being joined at this stage. The Court thus permits Plaintiff's proposed addition of De Beers LV US and Moet-Hennessy-Louis Vuitton as Defendants in the Amended Complaint.

5

Court dismisses all seven pending motions to dismiss as moot, but

grants Defendants leave to amend and re-file the motions after Plaintiff has filed its Amended Complaint.

SO ORDERED.

Dated:   New York, New York
         September 2, 2005

*Kimba M. Wood*
Kimba M. Wood
United States District Judge

Copies of this Order have been mailed to counsel for the parties.